UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW OFFICES OF DANIEL C. FLINT, P.C.,
for itself and all others similarly situated,

               Case
               Hon.

   Plaintiff,

v.

BANK OF AMERICA, N.A.,
a National Banking Association,
   Defendants.
_____/

**Glenn Crickenberger**
Florida Bar No. 40892
**GARY, WILLIAMS,**
**PARENTI, WATSON & GARY P.L.L.C.**
221 E Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Fax: (772) 283-4996
Attorney for Plaintiff

**Willie E. Gary**
Florida Bar No. 187843
**GARY, WILLIAMS,**
**PARENTI, WATSON & GARY P.L.L.C.**
221 E Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Fax: (772) 283-4996
Attorney for Plaintiff
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

  **NOW COMES** Plaintiff LAW OFFICES OF DANIEL C. FLINT, P.C, individually and on behalf of all others similarly situated, by and through its Attorneys, and for its causes of action, Plaintiff states as follows:

## INTRODUCTION

This Complaint is brought on behalf of Plaintiff Corporation and on behalf of all others similarly situated in order to recover actual damages, statutory damages, costs and attorneys fees from Defendant, arising from Defendant's unfair and unconscionable assessment and collection of excessive overdraft fees.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendants.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Bank of America regularly conducts business in the Eastern District of Michigan.

## PARTIES

4. At all times relevant, individual and representative Plaintiff Law Offices of Daniel C. Flint, P.C. ("Plaintiff") holds its principal place of business in Southfield, Michigan (Oakland County). Plaintiff is a member of each of the Putative Classes defined below.

5. At all times relevant, Defendant Bank of America, N.A. ("BOA"), was a National Banking Corporation regularly and systematically conducting business in Oakland County Michigan.

BOA is incorporated in the State of Delaware and maintains its principal place of business in Charlotte, North Carolina.

6. BOA is a national bank, subject to the National Bank Act, 12 U.S.C. §1, *et seq.*, and regulations created by the Office of the Comptroller of the Currency.

### BACKGROUND AND FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was a business customer of BOA.

8. At all times relevant, Plaintiff held a business checking account with BOA.

9. At all times relevant, one of the services BOA provided to Plaintiff, in connection with the business checking account, was to provide a business debit card, also known as a check card or ATM card.

10. Whenever a customer uses the debit card, the transaction is processed electronically. Therefore, BOA is notified instantaneously when the card is swiped, and thus has the immediate option to accept or decline the transaction.

11. BOA uses a software program to automate its overdraft system. This system intentionally maximizes the number of overdrafts in order to charge each business customer the maximum amount of fees. Specifically, BOA accomplishes this by processing daily transactions starting with the largest debit and ending with the smallest, instead of processing such transactions in chronological order.

12. As a result of BOA's processes set forth in paragraph 11, Plaintiff was charged overdraft fees that it would not have otherwise been charged had BOA processed the transactions in chronological order.

## CLASS ALLEGATIONS

13. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

14. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. Plaintiff hereby reserves the right to amend the class action allegations after further discovery on the matter has occurred. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class defined below.

### A. Class Definition(s)

15. The Class is defined as:

> All persons or entities who hold a business checking account with Defendant Bank of America, N.A.
>
> Excluded from the Class are: Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

### B. Numerosity

16. At this time, Plaintiff does not know the exact size of the class; however, due to the fact that BOA is one of the largest national banks in the United States, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

### C. Commonality

17. There are questions of law or fact common to the class, including at least the following:

   (a) Whether BOA obtains consent from its customers prior to processing transactions that

   will result in overdraft fees;

(b) Whether BOA alerts its customers that a debit card transaction will trigger an overdraft fee, and whether BOA provides its customers with an opportunity to cancel such transactions;

(c) Whether BOA manipulates and reorders debits from highest to lowest in order to maximize the number of overdrafts and thus the amount of fees it can charge.

   **D. Typicality**

18. Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the class.

   **E. Adequacy**

19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution of consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

   **F. The Prerequisites of Rule 23(b)(3) are Satisfied**

20. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be

prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class

## *CAUSES OF ACTION*

### COUNT I (Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing)

21. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

22. Plaintiffs and BOA contract for a business deposit checking account, which included ATM and debit card services.

23. Under the laws of the states where BOA conducts business, good faith is an element of every contract pertaining to the assessment of overdraft fees. Whether by law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.

24. BOA's overdraft policies are a breach of its duty of good faith and fair dealing.

25. Plaintiff and the Class have performed all, or substantially all, of the obligations imposed on them under the Deposit Agreement.

26. Plaintiff and the Class have sustained damages as a result of BOA's breach of the covenant of good faith and fair dealing.

### COUNT II (Unconscionability)

27. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

28. BOA's overdraft policies and practices are substantively and procedurally unconscionable in that they;

    a. Do not disclose to customers that they have the option to "opt out" of the overdraft scheme; and

    b. Apply debit transactions according to the highest debt to the lowest instead of chronological order.

29. The provisions in the agreements between Plaintiff and BOA that allow for the conduct set forth in paragraph 28 are unconscionable and, therefore, unenforceable as a matter of law.

30. The imposition of a overdraft charge which exceeds the amount overdraft is unconscionable.

31. Plaintiff and the Class sustained damages as a result of BOA's unconscionable policies and practices.

## COUNT III (Statutory Conversion)

32. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

33. BOA has wrongfully collected overdraft fees from Plaintiff and the Class.

34. BOA assumed and exercised right of ownership of Plaintiff's funds without authorization or legal justification.

35. Plaintiff and the class had a property interest in the funds that were converted by BOA.

36. BOA continues to retain these funds unlawfully with the consent of Plaintiff or the Class.

37. As a direct and proximate result of Defendants' actions, Plaintiff has been permanently deprived of his property by Defendant's unauthorized acts.

38. Pursuant to MCL § 600.2919(a), Plaintiff and the class is entitled to damages in the amount of three times the value of the converted property together with costs, interest and attorney fees.

## COUNT IV (Unjust Enrichment)

39. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

40. BOA knowingly received and retained wrongful benefits and funds from Plaintiff, in conscious disregard for the rights of Plaintiffs and members of the Class.

41. BOA has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class.

## COUNT V (Violations of State Unfair Trade Practice Laws)

42. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

43. BOA engages in unfair business practices relating to the imposition of overdraft fees on consumers, in violation of the Michigan Consumer Protection Act.

44. BOA violated the Michigan Consumer Protection Act by causing a probability of confusion with regard to the collection of a debt, and other provisions of the Michigan Consumer Protection Act. MCL 445.901 MCL 445.903.

## REQUEST FOR RELIEF

**THEREFORE**, Plaintiff and the Class respectfully request judgment as follows:

1. Declaratory Relief finding BOA's overdraft fee policies and practices to be wrongful, unfair and unconscionable;

2. Restitution of all overdraft fees paid to BOA by Plaintiff and the Class as a result of the wrongs alleged in this Complaint and in an amount to determined at trial;

3. Actual damages in an amount to be determined;

4. Punitive and exemplary damages; and

Case 2:15-cv-13006-SFC-MKM   ECF No. 1   filed 08/25/15   PageID.9   Page 9 of 9

5. Any further relief as this Court deems just and proper under the circumstances.

                        Respectfully Submitted,

                        **/s/ Glenn Crickenberger**
**GLENN CRICKENBERGER, ESQ.**
FL Bar No. 40892
**GARY, WILLIAMS,**
**PARENTI, WATSON && GARY P.L.L.C.**
221 E Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Fax: (772) 283-4996
Attorney for Plaintiff

Dated: July 30, 2015

  /s/ Willie E. Gary
**WILLIE E. GARY, ESQ.**
Florida Bar #187843
**GARY, WILLIAMS,**
**PARENTI, WATSON & GARY P.L.L.C.**
221 E Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Fax: (772) 283-4996
Attorney for Plaintiff