UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Law Offices of Daniel C. Flint,
P.C.,

    Plaintiff,

v.                                                          Case No. 15-13006

Bank of America, N.A.,                         Honorable Sean F. Cox

    Defendant.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND INTERLOCUTORY ORDER TO
INCLUDE STATEMENT PRESCRIBED BY 28 U.S.C. § 1292 (DOC. #20)**

Plaintiff Law Offices of Daniel C. Flint ("Plaintiff") filed this prospective class action against Defendant Bank of America ("Defendant") asserting several claims relating to Defendant's alleged unconscionable overdraft policies and practices. On April 13, 2016, the Court granted Defendant's motion to compel arbitration and stay proceedings. (Doc. #18).

The matter is currently before the Court on Plaintiff's "Motion to Amend Interlocutory Order to Include Statement Prescribed By 28 USC § 1292(b)." (Doc. #20). Both parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

1

**BACKGROUND**[1]

Plaintiff filed a prospective class action on August 25, 2015, alleging the following claims: Count I – Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing; Count II – Unconscionability; Count III – Statutory Conversion; Count IV – Unjust Enrichment; and Count V – Violations of State Unfair Trade Practice Laws. (Doc. #1, Compl.).

Plaintiff's claims relate to Defendant's assessment of overdraft fees on business deposit accounts. Plaintiff's complaint alleges that Defendant utilizes a system that "intentionally maximizes the number of overdrafts in order to charge each business customer the maximum amount of fees." (*Id.* at ¶ 11).

On October 19, 2015, Defendant filed a "Motion to Compel Arbitration and Stay Proceedings." (Doc. #5). Plaintiff opposed the motion, arguing that the arbitration clause and the class action and jury trial waivers were unconscionable. (Doc. #12). The Court entertained oral argument as to the motion on March 24, 2016. The Court subsequently granted Defendant's motion in an Opinion & Order filed on April 13, 2016. (Doc. #18, Opinion).

As to the issue of arbitration, this Court's Opinion & Order relied upon the Supreme Court's decision in *Rent-A-Center, West, Inc., v. Jackson*, 561 U.S. 63 (2010):

> The Supreme Court [in *Rent-A-Center*] recognized that a "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center*, 561 U.S. at 68. The Court cited various cases, which upheld the concept "that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* (citations omitted). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party

---

[1] Only facts of particular relevance to this instant motion are included below. A history of the factual background has already been discussed by the Court in its April 13, 2016 Opinion & Order. (Doc. #18).

2

> seeking arbitration asks the federal court to enforce, and the FAA operates on the additional arbitration agreement just as it does any other." *Id.* at 70. Thus, a delegation provision, being an additional agreement to arbitrate, "is valid under § 2 'save upon such grounds as exist at law or in equity for the revocation of any contract...'" *Id.*

(*Id*. at 10). The Court then determined that:

> Here, [Defendant] seeks to enforce a provision in the Deposit Agreement that reserves for the arbitrator any challenges against 'the applicability of this Resolving Claims section [arbitration clause] and the validity of the deposit agreement..." (Deposit Agreement, at 44). Thus, 'unless [Plaintiff] challenged the delegation provision *specifically*," the arbitrator, and not the Court, must adjudicate the validity of the arbitration provision. *Rent-A-Center*, 561 U.S. at 72 (emphasis added).
>
> . . . .
>
> Because Plaintiff has failed to challenge the delegation provision specifically, [Defendant]'s argument that the delegation provision is enforceable remains uncontested. Accordingly, the Court need not reach Plaintiff's unconscionability argument as it pertains to the arbitration clause. The Court "must treat [the delegation provision] as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole to the arbitrator." *Rent-A-Center*, 561 U.S. at 72. Thus, Plaintiff may advance its unconscionability argument before the arbitrator.

(*Id.* at 9, 13).

As to the issue of the class action waiver, this Court considered Plaintiff's unconscionability arguments and determined that Plaintiff failed to satisfy the substantive unconscionability prong under Michigan law. (*Id*. at 14).

As to the issue of the Federal Arbitration Act ("FAA"), this Court rejected the argument that the FAA's denial of a jury trial is unconstitutional. (*Id*. at 19).

## STANDARD OF REVIEW

Interlocutory appeals are governed by 28 U.S.C. § 1292, which states, in pertinent part, that:

3

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Determination of whether or not to grant interlocutory appeal is a matter left to the sound discretion of the district court. *See, e.g., Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).

Despite this discretion, the Sixth Circuit instructs that interlocutory appeals should be granted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (internal quotations omitted). The Supreme Court agrees, holding that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974). Notably, "Section 1292(b) certification is even more rare in the arbitration context given the policy of the FAA to encourage arbitration." *Adler v. Dell, Inc.*, 2009 WL 646885, at *1 (E.D. Mich. Mar. 10, 2009) (internal citations omitted).

"The burden of showing exception[al] circumstances justifying an interlocutory appeal rests with the party seeking review." *Trimble v. Bobby*, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011).

## ANALYSIS

Plaintiff argues that this Court should certify an interlocutory appeal of its April 13, 2016 Opinion & Order (Doc. #18) pursuant to 28 U.S.C. § 1292(b). In determining

whether to grant an interlocutory appeal, the Court must consider whether: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 250. "[A]ll three requirements must be satisfied before the court may consider certifying a decision for interlocutory appeal." *Stockwell v. Hamilton*, 2016 WL 3438109, at *1 (E.D. Mich. June 23, 2016) (internal citations omitted).

The Court finds that no exceptional circumstances exist to warrant an interlocutory appeal in this case. Specifically, Plaintiff has failed to establish that a substantial ground for difference of opinion exists as to any purported question of law. Accordingly, the Court shall DENY Plaintiff's motion. (Doc. #20).

**A.    Plaintiff Has Failed To Establish That A Substantial Ground For Difference of Opinion Exists As To Any Purported Question of Law**

**1.    Controlling Questions of Law**

Plaintiff asserts that the Court's April 13, 2016 Opinion & Order determined the following "controlling questions of law: (1) that, in order to attack the validity of the arbitration agreement in court, [*Rent-A-Center*] requires Plaintiff to challenge specifically the delegation clause, which Plaintiff failed to do; (2) the class action waiver is enforceable and valid; and (3) that the Federal Arbitration Act is not unconstitutional." (Pl.'s Br. at 3).

For purposes of this Opinion & Order, the Court shall assume–without deciding–that the issues presented by Plaintiff involve controlling questions of law. Despite the Court's assumption, however, Plaintiff still fails to establish the second

required element of § 1292(b), *i.e.* substantial ground for difference of opinion.

  **2. Substantial Ground for Difference of Opinion**

  As an initial matter, the Court notes that Plaintiff offers nothing to support the argument that a substantial ground for difference of opinion exists as to the unconscionability of the class-action waiver or the unconstitutionality of the FAA. Instead, Plaintiff contends that the "Court need not address the issues of unconscionability or unconstitutionality specifically" because "the application of the Supreme Court's decision in *Rent-A-Center* forms such an obvious basis for finding a difference of opinion." (*Id*. at 13). Accordingly, the Court shall not address these issues. The only purported question of law properly before the Court at this time relates to the interpretation and application of *Rent-A-Center*.

  Traditionally, courts will find that a substantial ground for difference of opinion exists where: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal citations and quotations omitted). The Court finds that no such issue exists here.

    **i. Interpretation and Application of *Rent-A-Center***

  Plaintiff argues that there exists a substantial ground for difference of opinion as to the interpretation and application of *Rent-A-Center*. (Pl.'s Br. at 3). To support this position, Plaintiff advances the following six arguments: (1) that it did specifically

challenge the delegation provision; (2) that *Rent-A-Center* does not require the delegation term to be specifically challenged; (3) that this Court's interpretation of *Rent-A-Center* results in an outcome that is inconsistent with the Supreme Court; (4) that this Court's interpretation creates a third type of challenge not allowed by *Rent-A-Center*; (5) that the FAA preempts this Court's interpretation of Rent-A-Center; and (6) that Plaintiff's specific challenge to the class-action waiver is not evidence of Plaintiff's failure to challenge the delegation term. (Pl.'s Br. at 4-12). None of Plaintiff's arguments are sufficient for purposes of establishing a substantial ground for difference of opinion.

      Plaintiff spends the majority of its brief explaining why it believes this Court's April 13, 2016 Opinion & Order wrongly interpreted the Supreme Court's *Rent-A-Center* decision. Noticeably absent from Plaintiff's analysis, however, is any application of the factors listed above.[2] Plaintiff fails to identify a single decision, wherein *any court* has accepted Plaintiff's interpretation of *Rent-A-Center*. Moreover, Plaintiff fails to identify a single decision, wherein *any court* has rejected this Court's interpretation and application of *Rent-A-Center*. Nor was the issue before this Court a difficult one. In fact, prior decisions from within this circuit have interpreted R*ent-A-Center* just as this Court did, which suggests that this Court's Opinion & Order came to the right resolution. *See e.g. Rai v. Ernst & Young, LLP*, 2010 WL 3518056, *5 (E.D. Mich. Sept. 8, 2010) (compelling arbitration where the plaintiff's arguments did not specifically challenge the

---

[2] The Court notes that Plaintiff's Reply brief purports to apply the factors used to determine whether a substantial ground for difference of opinion exists. (Doc. #22, Pl.'s Reply at 7-14). However, in so doing, Plaintiff's arguments are misplaced. The Court therefore remains unpersuaded by Plaintiff as to this issue.

7

delegation clause itself); *Green v. G. Reynolds Sims & Assoc., P.C.*, 2013 WL 1212775, *5 (E.D. Mich. Mar. 25, 2013); *Smith v. ComputerTraining.com Inc.*, 772 F. Supp. 2d. 850, 860 (E.D. Mich. 2011).

To the extent that Plaintiff argues that the 2015 Congressional Report on Arbitration and the proposed Arbitration Fairness Act of 2015, (Ex. 2-6 to Pl.'s Br.), evidence a substantial ground for difference of opinion as to the application of *Rent-A-Center*, Plaintiff is mistaken. As Plaintiff itself recognizes, the Arbitration Fairness Act of 2015 is "obviously not yet law." (Pl.'s Br. at 20). Accordingly, Plaintiff may not construct a substantial difference of opinion from stalled legislation and, notably, Plaintiff fails to apprise the Court of applicable case law stating otherwise.

**B.     The Court Need Not Directly Address § 1292(b)'s Third Requirement – Whether Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation**

Plaintiff's failure to establish a substantial ground for difference of opinion as to any purported question of law is fatal to its request for an interlocutory appeal. *See Stockwell,* 2016 WL 3438109 at *1 ("all three requirements must be satisfied before the court may consider certifying a decision for interlocutory appeal"); *see also In re Nancy Buccina, et. al.*, 2016 WL 3597632 at *1 (6th Cir. Jul. 1, 2016) ("because Buccina cannot satisfy the requirement that 'substantial ground for difference of opinion' exists, she cannot pursue an interlocutory appeal").

Accordingly, the Court need not directly address § 1292(b)'s third requirement, *i.e.* whether immediate appeal will materially advance the ultimate termination of this litigation. *See Neff. V. U.S. Xpress, Inc.*, 2013 WL 5947177, at *4 (finding it

"unnecessary to directly address the second and third requirements of § 1292(b)" where the plaintiff failed to identify a controlling issue of law.).

## C. Plaintiff's "Collateral Order Doctrine" Argument is Not Properly Before This Court

In its final argument, Plaintiff relies on the collateral order doctrine as an alternative basis for immediate appeal. "The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in [28 U.S.C.] § 1291, but as a 'practical construction' of it." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (internal citations omitted).

Here, Plaintiff brings its motion pursuant to 28 U.S.C. 1292(b), not § 1291. Thus, the collateral order doctrine has no bearing on the relief Plaintiff seeks. Moreover, determining whether or not an appeal under 28 U.S.C. § 1291 could be taken is a question for the appellate court to decide. *See Howard v. Gutierrez*, 503 F. Supp. 2d 392, 396-97 (D.D.C. 2007) ("[T]he collateral order doctrine, which plaintiffs also cite as a basis for certification, is a doctrine applied by appellate courts in order to determine whether a given order is final and appealable for purposes of 28 U.S.C. § 1291. It simply has no place in a district court's certification analysis under § 1292(b)."). Both parties appear to concede that determining whether the Sixth Circuit would have appellate jurisdiction under § 1291 is not a question properly before this Court. (*See* Doc. #25, Def.'s Suppl. Br. at 3; Doc. #26, Pl.'s Suppl. Resp. at 2-3).

## CONCLUSION

For the foregoing reasons, the Court is not of the opinion that its decision to

...

compel arbitration "involves a controlling question of law as to which there is substantial ground for difference of opinion..." *See* 28 U.S.C. § 1292.

Accordingly, the Court shall **DENY** Plaintiff's "Motion to Amend Interlocutory Order to Include Statement Prescribed By 28 USC § 1292(b)." (Doc. #20).

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager