UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Law Offices of Daniel C. Flint,
P.C.,

    Plaintiff,

v.                                        Case No.  15-13006

Bank of America, N.A.,                  Honorable Sean F. Cox

    Defendant.

_____/

## OPINION AND ORDER
## DENYING PLAINTIFF'S RULE 59(e) MOTION TO AMEND ORDER TO INCLUDE AN ORDER DISMISSING THE CASE WITH PREJUDICE (DOC. #28)

Plaintiff Law Offices of Daniel C. Flint ("Plaintiff") filed this prospective class action against Defendant Bank of America ("Defendant") asserting several claims relating to Defendant's alleged unconscionable overdraft policies and practices.  On April 13, 2016, the Court granted Defendant's motion to compel arbitration and stay proceedings.  (Doc. #18).  On May 11, 2016, Plaintiff filed a "Motion to Amend Interlocutory Order to Include Statement Prescribed By 28 USC § 1292(b)."  (Doc. #20).  On August 9, 2016, the Court denied Plaintiff's § 1292 motion.  (Doc. #27).

Currently before the Court is "Plaintiff's Rule 59(e) Motion to Amend Order to Include an Order Dismissing the Case with Prejudice."  (Doc. #28, Pl.'s Br.).  Defendant was permitted to respond to Plaintiff's motion.  (Doc. #30, Def.'s Resp.).  For the reasons that follow, the Court shall **DENY** Plaintiff's Rule 59(e) motion.

**ANALYSIS**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment and provides that a "motion to alter or amend a judgment must be filed not later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Plaintiff filed its motion 29 days after the entry of this Court's August 9, 2016 order. (Doc. #27). However, pursuant to Rule 6(d), three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Thus, Plaintiff's motion is timely.

The Sixth Circuit has held that the "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal citations omitted). The basic requirements for obtaining relief under Rule 59(e) are relatively straightforward. The Court may alter the judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The Court generally has "considerable discretion" in deciding whether or not to grant a party's Rule 59(e) motion. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Srv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Plaintiff explains that its "current Motion does not seek to alter the Court's holdings, but rather, to add a holding dismissing with prejudice the present case." (Pl.'s Br. at 2). Notably absent from Plaintiff's motion, however, is any application of the Rule 59(e) standard. Arguably, it appears that Plaintiff asks the Court to grant the motion based on newly discovered evidence.

Attached to Plaintiff's motion is the declaration of Daniel Flint, the "named Plaintiff" in this case. (Ex. 2 to Pl.'s Br.). Flint states that he has determined that it is not in his best interest to arbitrate his claims. Thus, he will not individually arbitrate any of the claims against

Defendant. Plaintiff argues that "[w]ithout an order of dismissal, the present case will simply sit in limbo because, as shown in the declaration attached, Plaintiff does not intend to pursue his claims." (Pl.'s Br. at 2).

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Gencorp, Inv. v. American Int'l Underwriters*, 178 F.2d 804, 834 (6th Cir. 1999). Here, the "new evidence" that Plaintiff submits is its *own* declaration. Such evidence was not previously unavailable because Plaintiff has had access to this information since the onset of this action. "A plaintiff cannot use a Rule 59 motion ... 'to raise arguments which could, and should, have been made before judgment issued.'" *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Furthermore, the cases relied upon by Plaintiff in support of its Rule 59(e) are factually distinct and not binding on this Court. As such, these cases are unpersuasive.

## CONCLUSION & ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Rule 59(e) Motion to Amend Order (Doc. #28) is DENIED.

**IT IS SO ORDERED.**

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: October 11, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 11, 2016, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager